**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,** CASE NO. 3:21 CR 338

Plaintiff,

v. JUDGE JAMES R. KNEPP II

**JOSHUA JOHNSON,**

Defendant. **ORDER**

Currently pending before the Court is Defendant Joshua Johnson's "Corrected Consent Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 821." (Doc. 253). The Government has filed a Response in Opposition. (Doc. 255).

This Court previously denied an earlier motion from Defendant for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines. Therein, the Court found Defendant ineligible for such a reduction because he was sentenced after the effective date of the Amendment. (Doc. 252).

In his present Motion, Defendant contends "his 2016 marijuana charge of trafficking ended as a minor misdemeanor is not worthy of one criminal history point" and asserts a "downward departure should be warranted." (Doc. 253, at 2, 4). He notes that, if the Court were to remove the criminal history point associated with the 2016 conviction, his criminal history category would drop from IV to III, "drop [his] recidivism points just enough for [him] to be a low low," make him First Step Act eligible, and impact his "custody level." *Id.* at 4.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States*

*v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *see also* 18 U.S.C. § 3582(c) (establishing a district court "may not modify a term of imprisonment once it has been imposed" except in certain enumerated circumstances). Under § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or the defendant for compassionate release; (2) as expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

To the extent Defendant asks this Court to vacate or modify his sentence, he has not provided a basis upon which the Court has authority to do so. To the extent Defendant asks the Court to modify his criminal history category for purposes of changing his custody level, the Court similarly lacks authority to do so. *See, e.g.*, *United States v. Ladd*, 2024 WL 3647609, at *1 (N.D. Ohio).

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion (Doc. 253) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026